No. 730

TOLEDO USED CAR CO. v. FLEMING et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1909. Decided July 2, 1927.

**First Publication of this Opinion.**

**144. BILL OF SALE.**—Where contract of purchase is signed by several parties, bill of sale to one of them, without knowledge of any of them, does not convey title within terms of contract.

**276. CONDITIONAL SALE.**—Where contract states method of payment and that title is to remain in vendor until conveyed or until full purchase price is paid, contract is for conditional sale.

Error to Common Pleas.
Judgment affirmed.

Seeley & Wolfe and E. P. Buckenmeyer, Toledo, for Company.

Fred G. Carpenter, Toledo, for Fleming, et.

**LLOYD, J.**

This action was commenced by Fleming et, to recover damages for the alleged unlawful taking possession, by the Car Company, of an automobile.

Defendants in error and plaintiff in error will hereinafter be referred to as plaintiffs and defendant respectively.

On May 10, 1926, plaintiffs went to the place of business of defendant where they signed "three sets of papers," one dated May 10, 1926, and designated "contract for purchase of used car," one a promissory note not filled out or dated, and the other a chattel mortgage in blank and undated.

The contract dated May 10th, was in the form of a letter from plaintiff's to defendant entering their order for the car at the price of $195, and was signed by plaintiffs and by defendant. Among the conditions of this contract was the following:

"The title to and right of possession of said motor car shall remain in you until conveyed or until the full purchase price is paid in money."

Plaintiffs claim that they did not look at or know what the other "papers" were and both of them testified that, contemporaneously with signing them and the contract, defendant called ed their attention to, and read to them, that part of the contract providing that the title to the automobile was to remain in defendant until the entire purchase price was paid. Upon the execution of the contract, plaintiff paid $29.15 to defendant, $4.15 of which was to be used by defendant to obtain a license. On May 15th, thereafter, they paid to the defendant the further sum of $55 and thereupon the automobile was delivered to them, nothing further being said by any of the parties as to the contract or the note or the mortgage. On May 14, 1926, the defendant obtained, from the County Auditor, an automobile license issued in the name of D. J. Fleming, one of the plaintiffs. On May 18, 1926, a bill of sale from defendant to D. J. Fleming was filed in the office of the clerk of courts, and, on the same day, the chattel mortgage which had been filled in by defendant and dated May 15, 1926, was filed with the County Recorder. The mortgage contained the usual conditions among which were that if the mortgagors should at any time violate any of the terms and conditions of the mortgage or fail to make any of the payments prescribed in the note, as the same became due and payable, or if the mortgagee deemed it necessary for its security and protection to take possession of the mortgaged property, then and in any such event, the mortgagee might take possession thereof and sell the same, either with or without notice, at public or private sale, for the best price obtainable therefor, and from the proceeds therefrom pay the then unpaid balance on the note together with the costs and expenses of the sale, rendering the surplus, if any to the mortgagors.

The plaintiffs failing to pay the installment due on Sept. 15, 1926, the defendant, on Oct. 21, 1926, took possession of the automobile, published notice of sale thereof, and on Jan. 3, 1927, sold it to the Woodruff Wrecking Co. for $25.00. This sum was credited on a judgment obtained by defendant on the note in the Municipal Court of Toledo.

Plaintiffs claim the transaction thus outlined was a conditional sale and that, the amount theretofore paid by them being more than 25% of the contract price of the car, defendant could not lawfully take possession thereof without tendering or refunding to them at least 50% of the amount so paid as provided in 8570 GC. A jury having been waived, the trial court found, on the issues joined, in favor of the plaintiffs in the sum of $65.00 for which judgment was entered against the defendant.

Plaintiffs both signed and were named in the contract as the purchasers, the contract as above stated, providing specifically as to the method of payment and that the title to the automobile was to remain in defendant until conveyed or until the full purchase price was paid and that the contract, as made between the parties, constituted the entire agreement and understanding and that no other agreement, verbal or otherwise, would be recognized.

It might be said that a bill of sale to both of the plaintiffs would divest the defendant of its ownership in the automobile, within the meaning of the words "until conveyed," as used in the contract. It can hardly be claimed under the undisputed facts and circumstances in evidence, that the bill of sale to but one of them, without the knowledge or consent of either, would have that effect.

We are of the opinion that, under the facts disclosed in the record, the transaction in question must be considered as a conditional sale, and that, in any event, a bill of sale trnasferring the title of the automobile to one of the plaintiffs only would not convey title thereto within the terms of the contract.

(Richards and Williams, JJ., concur.)